UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roger E. Rice,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case Action No.: 1:11-cv-102

Judge Michael R. Barrett

## ORDER

This action is a Social Security appeal brought under 42 U.S.C. § 405(g). Before the Court is Magistrate Judge Stephanie K. Bowman's January 12, 2012, Report and Recommendation ("Report") (Doc. 9).[1] The Report recommends that Defendant's decision to deny Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") be affirmed as supported by substantial evidence. (Doc. 9, 16.)

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. (Doc. 9, 17); *see United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Plaintiff filed timely Objections to the Report (Doc. 10), and Defendant filed a Response (Doc. 11).

For the reasons stated below, the Court overrules Plaintiff's Objections, and the Report is ADOPTED. Accordingly, the Commissioner's decision is AFFIRMED.

---

[1] All Court document citations are to CM/ECF Docket Entry numbers.

1

I.  **Background**

On January 23, 2006, Plaintiff, Roger E. Rice, filed applications for DIB and SSI alleging a disability onset date of April 6, 2005, due to a work-related injury that resulted in "neck and back pain" as well as some psychological symptoms. (Doc. 1 ¶¶ 3; Tr. 11.) After Plaintiff's applications were denied initially and upon reconsideration, he appeared for an evidentiary hearing before an Administrative Law Judge ("ALJ"). (Doc. 1 ¶ 4; Tr. 11.) On August 13, 2009, ALJ John R. Allen denied Plaintiff's applications in a written decision. (Doc. 1 ¶ 4; Tr. 11–23A; Doc. 9, 1–2.) The ALJ concluded that Plaintiff does not have a disability within the meaning of the Social Security Act. (Tr. 23A.) The Appeals Council of the Social Security Administration denied Plaintiff's request for review, and therefore, the ALJ's decision stands as Defendant's final decision. (Doc. 1 ¶ 4; Doc. 9, 3.)

The Report and the ALJ's decision accurately detail the remainder of the facts and procedural history of this case. (*See* Doc. 9; Tr. 11-23A.) There is no need to repeat them here. Accordingly, the Report's statement of facts and procedural history are adopted in full.

The Report recommends that Defendant's finding of non-disability is well-supported by substantial evidence in the record, and therefore, Defendant's decision should be affirmed and this case should be closed. (Doc. 9, 16.) In reaching this decision, the Report analyzed three arguments presented by Plaintiff: (1) the ALJ erred by rejecting Plaintiff's complaints of disabling pain, (2) the ALJ failed to consider Plaintiff's headaches, and (3) the ALJ failed to fully discuss the findings of an examining consultant's report. (Doc. 9, 3.) The magistrate judge rejected each of Plaintiff's

arguments and found that substantial evidence supports the ALJ's decision. (Doc. 9, 16.)

Plaintiff raises two objections to the Report's recommendations: (1) as it relates to Plaintiff's credibility determination, neither the ALJ nor the Report explained the significance of Plaintiff's daily activities (Doc. 10, 1), and (2) the ALJ failed to fully develop the record by not discussing specific office visits Plaintiff had with Dr. Jonathan J. Paley (Doc. 10, 2). Each objection is addressed below.

## II. Analysis

### A. Standard of Review

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotations omitted).

The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (citing *Mullen*, 800 F.2d at 545). However, even where there is substantial evidence, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### B.   Plaintiff's First Objection—Credibility and Activities of Daily Living

Plaintiff's first objection maintains that as it relates to the ALJ's determination of Plaintiff's credibility, neither the ALJ nor the Report explained the significance of Plaintiff's daily activities. (Doc. 10, 1.) More specifically, Plaintiff states, "[t]he

Magistrate Judge and the ALJ failed to explain how Plaintiff's ability to perform household chores conflicted with his inability to work on a sustained basis," and, "the ability to perform household chores is very different from working eight hours a day, five days a week." (Doc. 10, 1.)

When considering a claim of disability based on pain, the Sixth Circuit has instructed that there must initially be objective evidence of an underlying medical condition. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). Where such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain, or the objectively determined medical condition must be of a severity that can reasonably be expected to give rise to the alleged disabling pain. *Id.*; *see also Felisky*, 35 F.3d at 1038–39. Where a complaint of pain is not fully supported by objective medical findings, the ALJ should consider additional factors. *Felisky*, 35 F.3d at 1039. These factors include the claimant's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medications; treatment received; measures used to relieve pain; and other factors concerning functional limitations. *Id.* at 1039–40 (citing 20 C.F.R. § 404.1529(c)).

However, because pain tolerance levels differ, "a determination of disability based on pain depends largely on the credibility of the plaintiff." *Swiney v. Comm'r of Soc. Sec.*, No. 09-13055, slip op. at 5 (E.D. Mich. July 28, 2010) (available at 2010 WL 3342291) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). And determinations of credibility are within the discretion of the ALJ. *Felisky*, 35 F.3d at 1036 ("It is for the Secretary, not a reviewing court, to make credibility findings.").

Furthermore, "[i]f an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Id.*

The ALJ discussed Plaintiff's activities of daily living in two contexts. They were first discussed in relation to Plaintiff's mental impairments. (Tr. 17.) This corresponds with the issue of whether Plaintiff's mental impairment meets or medically equals the criteria of listing 12.04. (Tr. 16.) Plaintiff raises no objection here. (*See* Doc. 10.)

The second context in which the ALJ discussed Plaintiff's activities of daily living related to the credibility of Plaintiff's reports of pain. (Tr. 20–22.) Here, the ALJ applied the regulations cited in *Felisky* and *Duncan*, namely 20 C.F.R. §§ 404.1529 and 416.929, which state that in determining disability, reports of pain are considered along with "other evidence," which includes reports of daily activities. 20 C.F.R. §§ 404.1529(a) & (c)(3), 416.929(a) & (c)(3). Not only did the ALJ cite to these regulations, he stated that "when a claimant alleges symptomatology such as pain in excess of what would be expected by the medical evidence . . . . the claimant's daily activities must be considered." (Tr. 20.) Following this rule, the ALJ reviewed all of Plaintiff's self-reports of pain, analyzed them in relation to the objective evidence, and concluded that the objective evidence "fails to support a finding that claimant is disabled to the extent alleged." (Tr. 21.) Only then did the ALJ consider Plaintiff's daily activities as a factor going to Plaintiff's credibility. The ALJ concluded that "while the claimant has medically determinable impairments that could reasonably cause some symptoms and limitations, the above evidence shows that the claimant's testimony regarding the extent of such symptoms and limitations is not fully credible." (Tr. 22.)

This shows that Plaintiff is incorrect where he argues that the ALJ failed to explain how Plaintiff's daily activities relate to his finding of non-disability.  As the ALJ stated, "the claimant . . . is able to perform some daily activities, such as all personal care and occasional light housework at a slower pace."  (Tr. 22.)  Here, the ALJ is referencing the earlier discussion of Plaintiff's activities of daily living where the ALJ noted that "[t]he claimant testified that he is able to perform all personal care," and where the ALJ cited Plaintiff's testimony that he "tries to wash the dishes, but after he does it he hurts for about three days."  (Tr. 17, 20.)

The Court sees no error with the ALJ's analysis here.  The ALJ properly explained how Plaintiff's reports of daily activities related to his overall findings.  And the ALJ properly considered all the relevant factors given that Plaintiff's complaint of pain was not fully supported by objective medical findings.  (Tr. 21–22); *see Felisky*, 35 F.3d at 1039–40 (citing 20 C.F.R. § 404.1529(c)).  Furthermore, Plaintiff's point that the "ability to perform occasional household duties was not the same as those required for continuous employment," (Doc. 10, 1) has no bearing on the ALJ's actual analysis.  The ALJ never equated occasional household duties with his finding of non-disability.  (*See* Tr.)  Rather, as the ALJ explained, Plaintiff's activities of daily living were one factor among many used to judge the credibility of Plaintiff's reports of pain.  (Tr. 20–22.)

Plaintiff's argument that the magistrate judge also failed to explain how Plaintiff's daily activities relate to the finding of non-disability is equally unavailingThe ALJ's determination of Plaintiff's credibility was without error, and the Report was correct to conclude that "[t]he ALJ's assessment of Plaintiff's pain level represents an appropriate credibility determination in this case."  (Doc. 9, 7.)  There is no error here—the ALJ's

7

decision is supported by substantial evidence.  Accordingly, Plaintiff's first objection is OVERRULED.

### C. Plaintiff's Second Objection—the Opinion of Dr. Paley

In his second objection, Plaintiff argues that the ALJ failed to fully develop the record by not discussing specific office visits Plaintiff had with Dr. Jonathan J. Paley. (Doc. 10, 2.)  Defendant's Response recognizes that Plaintiff has already presented this argument and that the magistrate judge has already discussed and rejected it.  (Doc. 11, 4; Doc. 9, 8–13.)  Normally, verbatim restatements of arguments previously addressed by the magistrate judge are not proper objections, *Alston v. Voorhies*, No. 07CV2284, 2010 WL 3895069, at *10 (N.D. Ohio Sept. 30, 2010), but regardless, the Court considers Plaintiff's objection here and conducts a de novo review of the Report's reasoning.

More specifically Plaintiff argues that the ALJ should have considered four office visits Plaintiff had with Dr. Paley on November 7, November 10, November 27, and December 18, 2006.  (Doc. 10, 2.)  Dr. Paley treated Plaintiff shortly after he underwent two surgeries to repair a rotator-cuff tear in his left shoulder.  (Doc. 9, 9.)  Post-operatively, on November 7, Dr. Paley found that Plaintiff was in constant and severe pain.  Plaintiff reported that the pain woke him frequently, and he wore a sling.  (Tr. 265.)  Dr. Paley opined that Plaintiff had re-torn his rotator cuff, he would require surgical intervention, and his arm was non-functional.  (Tr. 264, 266.)  On November 10, Dr. Paley noted that Plaintiff was still using a sling, and he was in severe pain and unable to sleep more than 45-minutes to an hour.  He administered a cortisone injection into Plaintiff's left shoulder.  (Tr. 263.)  On November 27, Dr. Paley noted that Plaintiff

had failed to improve. (Tr. 262.) Finally, on December 18, 2006, Dr. Paley stated, "this patient continues to decline in his functional status and is at high-risk of developing a chronic painful condition with a permanency to his disability." (Tr. 261.) Plaintiff now maintains that none of this evidence was discussed or considered by the ALJ, and accordingly, the ALJ did not fully develop the record. (Doc. 10, 3.)

The Report addressed Plaintiff's argument here as follows:

> The ALJ did discuss Dr. Paley's treatment notes dated November 7 and November 10. (Tr. 15). Although it is true that the ALJ did not discuss the November 27 and December 18 notes, there is no legal requirement to discuss every treatment note. The failure to discuss Dr. Paley's "opinion" in this case does not constitute error. Dr. Paley offered no conclusions concerning Plaintiff's work restrictions or limitations. Later treatment records confirmed that Dr. Paley's concern—that Plaintiff eventually might be disabled without further surgical treatment—proved to be unfounded.
>
> . . . .
>
> Although Plaintiff argues that the ALJ erred by focusing on select medical records to support his conclusion that Plaintiff's pain had improved over time, Plaintiff himself simply focuses on a handful of different records dating to 2006 from Drs. Hansen and Paley. *See White v. Comm'r of Soc. Sec.,* 572 F.3d at 284-285 (rejecting argument that the ALJ erred in finding improvement over time, where plaintiff himself cherry picked records, and ALJ's analysis reflected "difficult task" of weighing evidence). An ALJ is not required to discuss every medical record in detail. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). In this case, neither Dr. Hansen nor Dr. Paley opined that Plaintiff was permanently disabled, nor did either physician express an opinion on any ongoing restrictions or work limitations. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010).
>
> As the Defendant persuasively argues, it was not unreasonable for the ALJ to focus on later records from 2007–2009 to conclude that Plaintiff's condition had improved over time. Dr. Neiger's January 2007 evaluation, Dr. Bender's 2007 examination, testing and examination results from 2008, and Dr. Sheridan's 2009 examination all

9

> constitute substantial evidence to support the ALJ's conclusions in this regard. Plaintiff argues that the ALJ should not have relied upon Dr. Neiger's 2007 evaluation because she did not have access to later evidence concerning Plaintiff's condition. However, the ambiguity in the record and need for a longer longitudinal view was one reason that the ALJ requested and gave great weight to the additional consultative exam by Dr. Sheridan in 2009.
>
> The ALJ ordered the additional examination from an orthopaedic specialist after determining that Plaintiff's medical records reflected a mixture of relatively significant pain complaints in 2006, but post-surgical clinical findings in 2007 and 2008 that did not necessarily support the same level of complaints. It was not error for the ALJ to rely upon Dr. Sheridan's 2009 assessment in drawing conclusions based upon the record as a whole, nor was it error for the ALJ to view the more negative records from Drs. Hansen and Paley as reflective of a relatively temporary setback in the level and Plaintiff's long-term treatment and response.

(Doc. 9, 10–13.) This Court agrees that it was reasonable for the ALJ to conclude that Plaintiff's condition improved over time. Having done a de novo review, there is no need to restate the entirety of the Report's analysis. However, the Court pauses to mention that Plaintiff's pain was so severe in November 2006 that he had to wear a sling to keep his arm immobilized. (Tr. 263, 265.) Given that the record contains no further mention of Plaintiff wearing a sling, the conclusion that his condition improved over time is perfectly reasonable. Plaintiff's citation to records from 2006 do nothing to cause this Court to doubt the validity of conflicting records from 2007, 2008, and 2009. Because the ALJ's decision is supported by substantial evidence, Plaintiff's objection here is OVERRULED.

## III. Conclusion

Based on the foregoing, the Court **OVERRULES** Plaintiff's Objection, (Doc. 10) and the Report (Doc. 9) is **ADOPTED** in full. As the Report recommends, (Doc. 9, 16)

Defendant's decision to deny Plaintiff's applications for disability insurance benefits and supplemental security income is **AFFIRMED** as supported by substantial evidence. Accordingly, this matter is **CLOSED**.

    **IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge
